Lumumba SHAKUR et al., Plaintiffs-Appellees,

v.

George F. McGRATH et al., Defendants-Appellants.

No. 694, Docket 74–2324.

United States Court of Appeals, Second Circuit.

Argued May 23, 1975.

Decided June 4, 1975.

Murray L. Lewis, New York City (Adrian P. Burke, Corp. Counsel, and L. Kevin Sheridan, New York City, on the brief), for defendants-appellants.

Eric Schnapper, New York City (Jack Greenberg, New York City, on the brief), for plaintiffs-appellees.

Before MULLIGAN and GURFEIN, Circuit Judges, and POLLACK, District Judge.*

PER CURIAM:

This appeal seeks dismissal of a medical malpractice claim against two physicians, Drs. Collins and Plew, employed by the New York City Prison System, asserted against them by a former inmate, Lee Berry. The malpractice charge was added as a pendent claim by amendment to ·the complaint nine months after the suit was filed under 42 U.S.C. § 1983 in which Berry and other plaintiffs sought injunctive relief and damages against correction officials and employees because of the alleged conditions under which plaintiffs were confined in various New York City jails. The City of New York is not named as a defendant in the suit. The malpractice claim in the second amended complaint is made only on behalf of plaintiff Berry and only against Drs. Collins and Plew.

The District Court held that the service of the amended complaint in this action which added the appellants as parties and set forth the pendent malpractice claim against them herein, constituted substantial and timely compliance with the provisions of New York State's General Municipal Law, McKinney's Consol. Laws, c. 24, § 50–e, which requires that a ninety day notice of malpractice claim be served upon the party against whom the claim is made as a prerequisite to the commencement of an action thereon, §§ 50–d(2) and 50–e, and the Court therefore denied defendants' motion to dismiss the pendent malpractice claim.[1] We reverse.

Section 50–d(2) of the General Municipal Law bars any malpractice claim against medical personnel employed by municipalities unless the party against whom the claim is made is served with a sufficient notice of claim thereof within ninety days after the claim arises. This section was enacted to encourage physicians and other medical personnel to work at public institutions. The time factor in the notice is important for early investigation and consideration of claims and is a precondition to litigation. Section 50–e. The notice must be in writing, must set forth designated information including the time when, the place where, and the manner in which the claim arose; and must state the items of damage or injuries claimed so

* Of the United States District Court for the Southern District of New York, sitting by designation.

1. The appeal is taken pursuant to the District Court's certification that prompt consideration will advance the ultimate termination of the litigation and to the grant of leave to appeal by order of this Court pursuant to 28 U.S.C. § 1292(b) and Rule 5 of the Federal Rules of Appellate Procedure.

far as then practicable. The notice must be served on the person designated by law as one to whom a summons in an action in the Supreme Court issued against such party may be delivered.

This suit was commenced on October 14, 1969. The original complaint was thereafter amended to include the District Attorney of New York County as a defendant. In July 1970, nine months after inception of this action, Berry served a notice of motion for leave to add as additional parties defendants seven individuals including the two doctors who are appellants herein and the State of New York; and to amend the complaint by adding a state-created claim of medical malpractice on behalf of Berry against Drs. Collins and Plew. The amendment asserted that the medical treatment and medication which Berry received were inadequate and prejudicial to his health. Until that motion was made there was no notice served on either the doctors or the City of a claim being asserted for malpractice in the medical treatment of Berry—the only claim theretofore made was the federal claim of alleged violation of Berry's civil rights.

The amendment was allowed and the second amended complaint was filed on July 29, 1970 setting forth as a pendent claim the charge of medical malpractice against the appellants.

The record shows that Dr. Collins was a staff doctor at the Manhattan House of Detention and that he treated Berry medically on or about July 22, 1969 or nearly a year before being joined as a party defendant in this suit and charged with malpractice.

Dr. Plew did not personally treat Berry at any time. He is joined herein under the doctrine of *respondeat-superior*, as the medical director of municipal correctional institutions with a title of Deputy Director of the Department of Corrections. Although Berry was lodged in the prison ward of Bellevue Hospital, leaving a city correctional institution on March 19, 1970, the plaintiff claims that Dr. Plew had overall supervision of Berry's medical treatment until he was discharged to a private hospital facility on April 23, 1970.

The District Court held that the plaintiffs have established that they served the second amended complaint in this action timely and that the content thereof constituted substantial compliance with the statute. However, plaintiff Berry concedes that the complaint may not serve the additional function of a timely notice of claim to the City. Berry contends that he provided adequate and timely notice of his claim by way of the documents which preceded the complaint in the suit as well as by habeas corpus proceedings in connection with bail matters involving Berry. The documents to which Berry refers include two affidavits by private doctors who examined Berry, four affidavits by Berry's attorneys and the original complaint, first amended complaint and the notice of motion for leave to amend the complaint a second time.

Self-evidently no notice of a state-created malpractice claim was served on the party against whom the claim is made. Neither the doctors nor the City was served with a notice of such claim. Neither the filing of the second amended complaint nor the filing of any of its predecessors satisfied the precondition to the bringing of a suit based on medical malpractice.

The remaining legal papers and proceedings on which Berry relies plainly give no notice of a medical malpractice claim and none is made therein.

In short, a state-created malpractice claim against a treating or the supervising doctor or against the City as their indemnitor was no part of the claims of the plaintiff Berry against any party liable therefor and there was no timely or sufficient compliance with Section 50-e of the General Municipal Law. Plaintiff's pendent claim herein must be dismissed.

Reversed.